(C.D. 4210)

FLEXIBLE PLUMBER TOOLS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 30, 1971)

*Stein & Shostak* (*Leonard Fertman* of counsel) for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General (*Velta A. Melnbrencis* and *Joseph I. Liebman*, trial attorneys), for the defendant.

Before RAO, Chief Judge, FORD and NEWMAN, Judges

NEWMAN, Judge: The issue in these three consolidated protests concerns the proper rate of duty on certain merchandise described in the invoices as "snake cable", manufactured in West Germany,

exported from the Netherlands, and entered at the port of Los Angeles, California in 1964–65.

The merchandise was assessed with duty by the collector at the rate of 19 per centum ad valorem under the provision in item 657.20 of the Tariff Schedules of the United States (TSUS) for "Other" articles of iron or steel, not coated or plated with precious metal.[1]

Plaintiff claims that the merchandise is properly dutiable at the rate of 8.5 per centum ad valorem under the provision in item 642.16, TSUS, for cables, other than wire strand; other than stainless steel; not fitted with fittings; not made up into articles; not covered with textiles or other nonmetallic material; and valued at 13 cents or more per pound.

We sustain the protests.

## THE STATUTES

Classified under:

Schedule 6, Part 3, Subpart G:

Subpart G headnotes:

1. This subpart covers only articles of metal which are not more specifically provided for elsewhere in the tariff schedules.

\* \* \* \* \* \* \*

Articles of iron or steel, not coated or plated with precious metal:

\* \* \* \* \* \* \*

657.20      Other _____19% ad val.

Claimed under:

Schedule 6, Part 3, Subpart B:

Strands, ropes, cables, and cordage, all the foregoing, of wire, whether or not cut to length, and whether or not fitted with hooks, swivels, clamps, clips, thimbles, sockets, or other fittings or made into slings, cargo nets, or similar articles:

     Not fitted with fittings and not made up into articles:

         Not covered with textile or other nonmetallic material:

\* \* \* \* \* \* \*

---

[1] It appears from the official papers that the entries were liquidated within 60 days after appraisement. Since no appeal for reappraisement has been filed and the time therefor has expired, the liquidations remain valid. *John V. Carr & Son, Inc.* v. *United States,* 66 Cust. Ct. 316, C.D. 4209 (1971).

Ropes, cables, and cordage other
than wire strand:

\* \* \* \* \* \* \*

Valued 13 cents or more per pound:

\* \* \*   Of stainless steel _____\* \* \*
642.16   Other _____8.5% ad val.

## THE RECORD

The record consists of the testimony of one witness and three exhibits introduced in evidence by plaintiff.[2] We make the following findings of fact:

1. The imported merchandise is a flexible cable consisting of a wire core around which four wires are wound in one direction and four are wound in the opposite direction.

2. The merchandise was imported in rolls; not cut to length; not fitted with fittings; nor made up into articles.

3. The merchandise is not of stainless steel; is not covered with textile or other nonmetallic material; and is not of stranded construction.

4. The flexible cable is used as a reinforcing member or "stiffening agent" in a plumber's "snake", and as a control cable to operate an odometer which registers the footage on a sewer machine.

5. The goods are valued at 13 cents or more per pound.

### 1.

The sole issue is, as stated in defendant's brief: "Whether the imported merchandise is the *type* of cable provided for in item 642.16, TSUS, so as to supercede the classification as made, under item 657.20 \* \* \*". [Emphasis copied.]

The Government concedes that the importation is a "type of cable", but argues that it is not the type of cable provided for in item 642.16. Hence, the issue presented requires a determination of the scope of the term "cables" in the superior heading to items 642.06 to 642.21, TSUS.

Defendant's position is that the strands, ropes, cables, and cordage provided for in the superior heading to items 642.06 to 642.21 "must be of the type that are normally fitted with hooks, swivels, clamps, clips, thimbles, sockets, or other fittings and which are suitable for the makings of slings, cargo nets or similar articles". Continuing, the Government insists that it is only the "heavy-duty type of cable", viz one

---

[2] The plaintiff corporation is a manufacturer of sewer pipe cleaning tools sold to the plumbing trade, and is a division of Rockwell Manufacturing Company. Plaintiff's witness was Robert R. Crane, its general manager. Crane had been associated with plaintiff for some twenty-three years; he designed the imported "snake cable" and arranged for its manufacture.

suitable for the handling of heavy loads, that is the type of cable which is covered in the superior heading.

The following definition of "cable" in *Webster's Third New International Dictionary of the English Language* (Unabridged, 1963) is referred to in the briefs of both parties:

> cable 1a: strong rope; *esp:* a rope 10 or more inches in circumference b: a cable-laid rope c: a wire rope or metal chain of great strength used esp. for hauling, for securing a ship to an anchor, or for supporting the rods and roadway of a suspension bridge d: a wire or wire rope by means of which force is exerted to control or operate a mechanism * * *.

The Government contends, in substance, that the term "cable" as used in the statute excludes the type specified in 1d; while plaintiff contends that the statute includes the control type cable covered by 1d. We agree with plaintiff.

2.

The uncontroverted testimony of plaintiff's witness establishes that one of the uses of the "snake cable" was as a control cable to operate an odometer, which registers the footage on a sewer machine. In our opinion, control cable (whether or not fitted with fittings) is a type of "cable" intended by Congress to be covered by the superior heading to item 642.16, TSUS. Defendant has not directed our attention to any legislative history, rule of statutory construction, or authority which, in our opinion, supports the more restrictive construction urged.

In sum, the importation meets all of the specifications for classification under item 642.16, and hence that claim is sustained. Other claims in the protests, not having been prosecuted, are dismissed. Judgment will be entered accordingly.